UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RAFAEL A. CRESPO, JR.,
    *Plaintiff*,

v.

RICARDO RUIZ *et al.*,
    *Defendants*.

No. 3:18-cv-2048 (JAM)

## INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A

Plaintiff Rafael A. Crespo, Jr. is a prisoner in the custody of the Connecticut Department of Correction at Willard-Cybulski Correctional Institution in Enfield, Connecticut. On December 14, 2018, he filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 against Doctors Ricardo Ruiz and Rafael Pacheco, Warden Scott Erfe, Lieutenant Hernandez, and Officer Flores in their individual and official capacities for damages. Doc. #1 at 2. For the following reasons, I will dismiss his complaint without prejudice.

### BACKGROUND

The following facts are alleged in the complaint and are accepted as true only for purposes of this initial ruling. On June 27, 2016, Crespo was playing soccer in the outside recreation yard at Cheshire Correctional Institution ("Cheshire") when he slipped on the ground and bent his ankle in the wrong direction. *Id.* at 7 (¶ 4). Crespo heard "a loud crack" in his ankle. *Ibid.* Another inmate assisted Crespo by lifting him up and bringing him to the bench on the side of the field. *Ibid.* (¶ 5). There, a correctional officer asked Crespo if he needed to go to a hospital, and Crespo responded that he needed to be transported to the medical unit. *Ibid.* (¶ 6). Several medical personnel then responded to the yard and transported Crespo in a wheelchair to the medical unit. *Ibid.* (¶ 7).

In the medical unit, Crespo was evaluated by a nurse. *Ibid.* (¶ 8). A decision was made to transport him to the UConn Health Center for further evaluation. *Ibid.* In preparing for transport, an unnamed correctional officer forced Crespo to go to the Admitting and Processing ("A&P") area using crutches, despite Crespo's complaints that he was experiencing severe pain. *Ibid.* (¶ 9). The A&P area is approximately 100 yards from the medical unit. *Ibid.*

When he arrived at the UConn Health Center, Crespo was evaluated by an unnamed doctor, who apparently recommended a surgical procedure to repair the ankle. *See ibid.* (¶ 10). The surgery was later delayed because Dr. Ruiz needed to obtain approval from the Utilization Review Committee ("URC"). *Id.* at 8–9 (¶¶ 10, 14).

Crespo was ultimately scheduled for surgery at the UConn Health Center on July 12, 2016. *Id.* at 8 (¶ 11). He agreed to the surgery because he thought it was the only way to correct his ankle injury, but the surgeon never explained the other options available to treat his ankle. *Id.* at 9 (¶¶ 13–14). After undergoing surgery, he returned to Cheshire and was immediately forced to walk a very long distance using crutches. *Id.* at 8 (¶ 12).

After Crespo returned to his housing unit at Cheshire, Officer Flores and Lieutenant Hernandez began "torment[ing]" him. *Id.* at 9 (¶ 15). They forced him to ambulate on crutches three times per day to obtain his medication, which was distributed over 100 yards away from his housing unit, despite his complaint that he had severe post-surgical pain. *Ibid.* (¶¶ 15–16). The officials threatened to issue him a disciplinary report if he did not report to the medical unit. *Ibid.* (¶ 16).

Although Crespo's surgeon had prescribed him pain medication following the surgery, Dr. Ruiz "failed to provide him with proper medical treatment and medication for his pain." *Id.* at 9 (¶ 17). Crespo filed an administrative remedy request regarding the lack of post-surgical

2

treatment, but Cheshire staff never responded. *Id.* at 10 (¶ 20). Crespo followed up with a medical grievance and is still awaiting a response. *Ibid.*

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010).

In recent years, the Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

It appears from the factual allegations that Crespo is attempting to state a claim that defendants violated his Eighth Amendment protection against cruel and unusual punishment by acting with deliberate indifference to his serious medical needs. Doc. #1 at 10–11 (¶¶ 21–23). As an initial matter, I will dismiss the claims against all defendants in their official capacities, because Crespo is only suing defendants for damages, *see id.* at 12, and the Eleventh

Amendment bars claims for damages against state employees in their official capacities. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Therefore, I will limit my review to Crespo's Eighth Amendment claims as brought against defendants in their individual capacities.

The Eighth Amendment prohibits prison officials from being deliberately indifferent to the serious medical needs of prisoners in their custody. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prisoner who claims deliberate indifference to a serious medical need must satisfy two requirements. First, there is an objective requirement—that the prisoner's medical need was sufficiently serious (*i.e.*, that the prisoner suffered from an urgent medical condition involving a risk of death, degeneration, or extreme pain). *See Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013); *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). Second, there is a subjective requirement: that the defendant have acted recklessly (*i.e.*, with an actual awareness of a substantial risk that serious harm to the prisoner would result from the defendant's action or non-action). *See Spavone*, 719 F.3d at 138. It is not enough to allege simple negligence or negligent medical malpractice; instead, a prisoner must show that the defendant acted with the equivalent of a criminally reckless state of mind with respect to the prisoner's medical needs. *See Hilton v. Wright* 673 F.3d 120, 122–23 (2d Cir. 2012); *Collazo v. Pagano*, 656 F.3d 131, 135 (2d Cir. 2011) (*per curiam*). Finally, as with any § 1983 claim, a defendant must be personally involved in an alleged constitutional violation in order to be held liable. *Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014).

Crespo's allegations do not state a plausible claim for relief under the Eighth Amendment against any of the defendants. Crespo alleges that Ruiz "was informed of the pain that the plaintiff was in" and failed to provide him with "proper" treatment and pain medication following his surgery even though that medication had been prescribed by the surgeon. Doc. #1

4

at 9–10 (¶¶ 17, 19). He does not allege any further facts about his interactions with Dr. Ruiz or what Ruiz knew about his condition. The limited facts Crespo does provide are equally consistent with a claim of a reasonable disagreement about the course of treatment or of negligent medical malpractice as they are with a claim of no less than deliberate indifference, especially given Crespo's allegations that Flores and Hernandez forced him to walk on crutches to receive medication. *See ibid.* (¶ 15). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678; *Burgis v. N.Y.C. Dep't of Sanitation*, 798 F.3d 63, 69 (2d Cir. 2015) (affirming dismissal of intentional discrimination claim where factual allegations showed it was "equally possible that plaintiffs have not been promoted for valid, non-discriminatory reasons").

For medical malpractice to rise to the level of a constitutional violation, it must involve a prison doctor's culpable recklessness—"an act or failure to act by a prison doctor that evinces a conscious disregard of a substantial risk of serious harm." *Hill*, 657 F.3d at 123 (affirming dismissal of complaint that alleged only that prisoner plaintiff "was denied 'medical care . . . leaving him needlessly to suffer,'" because "[i]ssues of medical judgment cannot be the basis of a deliberate indifference claim where evidence of deliberate indifference is lacking"); *compare Walker v. Cty. of Nassau*, 2016 WL 5338546, at *2 (E.D.N.Y. 2016) (allowing claim of refusal to prescribe pain medication to proceed where alleged facts were sufficient to suggest that refusal was not merely disagreement about proper course of treatment). I will therefore dismiss the claim against Ruiz.

Similarly, Crespo has failed to state a plausible claim for relief against Flores and Hernandez. Crespo alleges that Flores and Hernandez regularly forced Crespo to walk about 100

5

yards on crutches to the medical unit, causing him significant pain, despite his protests. Doc. #1 at 9–10 (¶¶ 15–16, 18). Even assuming that the pain from walking on crutches to the medical unit was sufficiently serious to meet the objective prong of a deliberate indifference claim, Crespo does not allege facts to suggest that Flores and Hernandez's conduct met the subjective element. Indeed, courts have regularly held that requiring a prisoner to walk a similar distance does not constitute deliberate indifference. *See, e.g.*, *Simpson v. Town of Warwick Police Dep't*, 159 F. Supp. 3d 419, 447 n.29 (S.D.N.Y. 2016) ("Simpson's testimony that he was required to walk up steps to the courthouse does not support a finding that any officer intentionally engaged in conduct to exacerbate Simpson's pain or injury." (citing *Walker v. Butler*, 967 F.2d 176, 178 (5th Cir. 1992) (*per curiam*) (requiring prisoner with two ankle fractures to walk to hospital did not constitute deliberate indifference to medical needs))). As such, Crespo's claims against Flores and Hernandez are dismissed.

Finally, while Crespo has named Pacheco and Erfe as defendants in this action, he has not alleged any facts to suggest their involvement in any violations of Crespo's constitutional rights. Instead, they are entirely absent from the factual allegations in Crespo's complaint. Accordingly, I will dismiss them as defendants from this action.

## CONCLUSION

For the foregoing reasons, Crespo's complaint is DISMISSED. If there are facts that would give rise to plausible grounds for relief, then Crespo may file a motion to reopen along with an amended complaint within 30 days by **February 25, 2019**, that cures the factual deficiencies identified in this ruling and that alleges facts sufficient to show that each named defendant violated his constitutional rights. The Clerk of Court shall close the case.

It is so ordered.

Dated at New Haven this 25th day of January, 2019.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge